Citation Nr: 1536786 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 09-19 742 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for bipolar II disorder, depressed type, with substance abuse disorder, continuous, to include as secondary to service-connected hepatitis C. 

2. Entitlement to an initial compensable disability rating for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Timothy M. White, Esq.


WITNESS AT HEARING ON APPEAL

Veteran
ATTORNEY FOR THE BOARD

M. Moore, Counsel


INTRODUCTION

The Veteran served on active duty from May 1982 to April 1986.

These matters come before the Board of Veterans' Appeals (Board) on appeal from November 2010 and September 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. The Board remanded the hearing loss claim in February 2013.

In September 2011, the Veteran presented sworn testimony regarding the hearing loss claim during a video conference hearing in Muskogee, Oklahoma, which was chaired by the undersigned. A transcript of the hearing has been associated with the Veteran's claims file.

In a July 2014 decision, the Board denied an initial compensable evaluation for bilateral hearing loss. The Veteran appealed the Board's denial to the United States Court of Appeals for Veterans Claims (Court). In April 2015, the Court issued an order granting an April 2015 Joint Motion for Remand (JMR). The case has subsequently been returned to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on her part is required.




REMAND

With regard to the bipolar disorder claim, the Veteran submitted a VA Form 9 to perfect this appeal in June 2015. She indicated that she wished to attend a video conference hearing for this claim. She has not yet received or been scheduled for a hearing. Due process concerns thus require that this issue be remanded to the RO for the scheduling of a hearing before the Board. 38 C.F.R. §§ 20.700(a), 20.703, 20.1304(a) (2015). This issue is remanded to the Muskogee RO so that it may schedule a video conference hearing and send notice of the hearing to the Veteran and her attorney. 

With regard to the hearing loss claim, this claim is being remanded for the scheduling of a new VA audiological examination in compliance with the April 2015 JMR and Court Order. 

The Veteran is hereby notified that it is her responsibility to report for the audiological examination scheduled in connection with this REMAND at whatever location it is scheduled and to cooperate in the development of her claim of entitlement to an initial compensable rating for bilateral hearing loss. The consequences of failure to report for a VA examination may include denial of her claim. 38 C.F.R. §§ 3.158, 3.655 (2015).

Accordingly, the case is REMANDED for the following actions:

1. The RO must schedule the Veteran for a video conference hearing before a member of the Board regarding the bipolar disorder claim. The RO must notify the Veteran and her attorney of the date and time of the scheduled hearing. This notification must be documented in the Veteran's electronic record. After the hearing has been held, or if the Veteran withdraws her hearing request or fails to report for the scheduled hearing, the electronic record should be returned to the Board for further appellate review.

2. The Veteran must be scheduled for a VA audiological examination with an appropriate examiner to address the current severity of her service-connected bilateral hearing loss. The Veteran and her attorney must be notified of the time and date of this scheduled examination and that her claim may be denied if she fails to report for the examination without good cause. Such notice must also be associated with the Veteran's electronic record. 

The examiner must review pertinent documents in the Veteran's electronic record in conjunction with the examination. This must be noted in the examination report. 

The examiner should perform tests or studies deemed necessary for accurate assessments, to include audiology testing recording speech discrimination (Maryland CNC) and the puretone threshold average, from the sum of the puretone thresholds at 1000, 2000, 3000, and 4000 Hertz . The results of this audiology testing must be included in the examination report. The Veteran's electronic claims file must be made available to, and be reviewed by, the examiner in connection with the examination. The examiner should also address the occupational and social impairment caused by the Veteran's bilateral hearing loss.

A rationale for all requested opinions shall be provided. If the examiner(s) cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. Readjudicate the Veteran's claim of entitlement to an initial compensable disability rating for bilateral hearing loss. Readjudication of the claim should include consideration of whether "staged ratings" (assignment of different ratings for distinct periods of time, based on the facts found), pursuant to Fenderson v. West, 12 Vet. App. 119, 126-27 (1999) are warranted.

If the claim remains denied, a supplemental statement of the case should be provided to the Veteran and her attorney. After they have had an adequate opportunity to respond, the case should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2015).



_________________________________________________
C. R. KAMMEL
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).